IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| KAREEM RUSSELL | : | NO. 10-186 |
| a/k/a "Reem," | : | |
| Defendant. | : | |

MEMORANDUM

GENE E.K. PRATTER, J.                                                                    SEPTEMBER 27, 2011

INTRODUCTION

Kareem Russell was charged under 18 U.S.C. §922(g)(1) with possession of a firearm by a convicted felon by way of grand jury indictment issued on March 30, 2010, while he was also in the throes of responding to federal charges in another prosecution, Criminal Action No. 09-672, for conspiracy, bank fraud and aggravated identity theft. He seeks to have the gun charges indictment dismissed for an alleged violation of his right to a speedy trial on that charge. Having received Mr. Russell's Motion, as well as the Government's response, and having benefited from the parties' counsel's oral argument, the Court determines that it is appropriate to deny the Motion.

FACTUAL BACKGROUND

Law enforcement authorities obtained a search warrant for Mr. Russell's residence and executed it on April 1, 2007. The police searched for documents, identification cards, checks or credit cards in the names of persons other than Mr. Russell or his house mates. In addition to various papers and things as enumerated in the warrant, in the Russell residence the officers found a loaded Smith & Wesson .40 semi-automatic handgun with one live round in the chamber

and eight live rounds in the gun's magazine. According to a National Crime Information Center/Pennsylvania Crime Information Center check, the gun had been reported as stolen. Knowing that Mr. Russell was a convicted felon, the officers arrested him.

State-related charges emanating from the above-recounted events eventually were dismissed, and he was released. Subsequently, however, various federal charges were lodged against Mr. Russell. Specifically, on October 15, 2009 the federal grand jury indicted Mr. Russell on charges of conspiracy, bank fraud and aggravated identity theft. Two weeks later Mr. Russell was arrested on those charges. After pre-trial motion practice and rescheduling of an earlier trial date, a June 2011 trial was scheduled for the bank fraud and identity theft charges in Criminal Action No. 09-672. Mr. Russell chose to enter a guilty plea to that indictment on the day the trial was set to begin.

Some 16 months earlier, on March 4, 2010, as a result of the April 4, 2007 search that had led to the seizure of the gun from Mr. Russell's closet, Mr. Russell was charged on the felon-in-possession accusation by means of a federal complaint. The grand jury's actual indictment followed three weeks later, at a time when Mr. Russell was already detained, awaiting trial on the bank fraud and related charges in Criminal Action No. 09-672.

Both of Mr. Russell's prosecutions appeared on the dockets of this Court. In keeping with the Court's procedures, trial in the Criminal Action No. 09-672 bank fraud matter was initially set for June 7, 2010. The Speedy Trial Act date for the firearm case here at Criminal Action No. 10-186 would have been the next day, namely, June 8, 2010. A pre-trial conference was set in this firearm case for June 3, 2010. The day before the scheduled conference, Mr. Russell's counsel filed a motion for a continuance of the trial for "not less than ninety (90) days."

The motion itself provided that the time from June 3, 2010 to the next trial listing was excludable for purposes of calculating time under the Speedy Trial Act.  The motion was not opposed.  The Court accepted the defense representation that more time before trial was needed for investigation, witness preparation, discovery review and trial and/or motion preparation, as well as time to "explore possible non-trial dispositions."  Accordingly, the Court granted Mr. Russell's continuance motion on August 24, 2010, finding:

> [P]ursuant to 18 U.S.C. § 3161 (h)(7), that (1) [Criminal Action No. 10-186] cannot proceed to trial and must be continued because the failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and therefore, (2) the ends of justice served by this continuance outweigh the best interests of the public and the defendant in a speedy trial."

No specific new trial date was then set, although the Order did specify that for Speedy Trial Act computation purposes the time from the date of the Order to the next trial date would be excluded.

Other activities in Mr. Russell's cases continued. Mr. Russell's counsel filed a suppression motion in this firearms case and, following an evidentiary hearing, that motion was denied on April 27, 2011.  Meanwhile, Mr. Russell, his counsel and the Government counsel readied themselves for the trial in Criminal Action No. 09-672 (the bank fraud case) as to which, as explained, supra, Mr. Russell elected to enter a guilty plea on June 13, 2011.  A month later, through counsel, he filed this motion to dismiss the indictment in this firearm case.  The Court invited counsel to present evidence if desired.  Both counsel elected to present only oral argument and chose to forego the invitation to present evidence.

3

**DISCUSSION**

Given that the only continuance operative in this case (or in Mr. Russell's other case for that matter) was requested by the defense, was not opposed by the Government and was granted by the Court, it might be tempting to describe Mr. Russell's motion as a disingenuous effort to "sandbag" the Government and the Court.[1]  Or, perhaps it would be suitably appropriate simply to admonish Defendant to "Be careful what you wish for . . . you may get it."  However, the Court prefers to accept the present motion as having been made in good faith and, as such, it is appropriate to explain the basis for its denial.

Pursuant to the Speedy Trial Act, a criminal defendant's trial

> "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. §3161(c)(1).

To calculate the 70-day period, the Act, at Section 3161(h), authorizes the exclusion of certain periods of time.  For example, under Section 3161(h), the Court is to exclude a period of time or "delay" that results "from other proceedings concerning the defendant, including but not limited to," arraignments, pre-trial conferences, bail hearings, and the like.  A propos of Mr. Russell's motion and his two most recent cases, the express reference to the generalized concept

---

[1] The Government's opposition to the motion states its position in just such terms: "A defendant is not permitted to sandbag the Court by seeking an ends of justice continuance and then attempt to count the time he and his counsel were granted against the Speedy Trial clock."  Gov't Opposition at 4.  Other courts have used equally direct language in similar situations.  See, e.g., United States v. Baskin-Bey, 45 F.3d 200, 204 (7th Cir. 1995); United States v. Willis, 958 F.2d 60, 63 (5th Cir.1992).  Such motions have also been described as "opportunistic behavior" seeking the benefits of a continuance without the burden of a delayed trial.  See United States v. Larson, 417 F.3d 741, 746 (7th Cir. 2005).

of "other proceedings" in the statute itself bespeaks of a congressional intent or expectation that that language be broadly read and applied. United States v. Garrett, 720 F.2d 705, 709-10 (D.C. Cir. 1983). Section 3161(h)(1)(D) allows that "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," may be excluded from the speedy trial calculation. The phrase "any pre-trial motion" is also interpreted expansively. See, e.g., United States v. Arbelaez, 7 F.3d 344, 347 (3d Cir. 1993). Thus, when evaluating Mr. Russell's motion, his arguments and his interests, it is appropriate and permissible to evaluate the events in both the present case (Criminal Action No. 10-186) and perhaps even, realistically, the closely related earlier captioned case at Criminal Action No. 09-672, even though resolution of this motion does not necessitate actual use of the "other proceedings" in Criminal Action No. 09-672.[2]

Another basic tenet for calculating the length of any break in the running of the speedy trial clock was outlined by the Supreme Court in Henderson v. United States, 476 U.S. 321, 326 (1986): "The plain terms of the statute appear to exclude all time between the filing of and the hearing on a motion whether that hearing was prompt or not." Moreover, in terms of an overall approach to applying the "excludable time" features of the Speedy Trial Act, the Supreme Court opined that the Act is "designed to exclude all time that is consumed in placing the trial court in a position to dispose of a motion." Henderson, 476 U.S. at 331. In this regard, the Court notes that the statute permits the presiding judge to initiate a continuance of trial. 18 U.S.C. §3161(h)(7)(A).

---

[2]The Speedy Trial Act includes in the non-exhaustive list of the reasons for excludable delay periods "delay resulting from trial with respect to other charges against the defendant." 18 U.S.C. §3161(h)(1)(B).

5

Notwithstanding these practical guidelines, Mr. Russell argues against excluding essentially all time from June 2, 2010 onward from the speedy trial calculation. Specifically, he disputes the exclusion of June 2 - August 24, 2010 while his motion for a continuance of the trial date was pending, and then, once his request was granted on August 24, 2010, thereafter he wants no further exclusion for the continuance itself because, in part, according to Mr. Russell, the Court's Order granting his continuance request was fundamentally flawed as not sufficiently explicit with the justification for the delay as required by United States v. Lattany, 982 F.2d 866, 877, 879 (3d Cir. 1992). See also Zedner v. United States, 547 U.S. 489, 506-07 (2006).[3]

As appears on the face of the Court's August 24, 2010 Order, the Court referenced its consideration of the defense's specific request (which enumerated specific reasons for making the request). The Court then found that the "failure to grant the continuance would be likely to make a continuation of the proceedings impossible, or result in a miscarriage of justice," leading to the Court's stated conclusion that the expressed need for the continuance was consistent with the "ends of justice" that outweighed the collective interests in the defendant and the public in an otherwise speedy trial. Accordingly, the Court made the requisite findings as part of the process of evaluating Mr. Russell's application for a continuance, an application that the Court at the time had no reason to believe was made other than in good faith and for genuine reasons

---

[3] Although acknowledging the Court's June 7, 2010 Order which makes express reference to Mr. Russell's June 2, 2010 motion for a continuance and which states that the time from the filing of that motion until a hearing on it or its disposition was achieved would be excludable from Speedy Trial Act calculations, Mr. Russell argues that that Order too suffers from lack of proper detail or justification. Without regard to Mr. Russell's criticism of the text of the June 7th Order, under the specific language of the Speedy Trial Act itself the period of time between June 2 when Mr. Russell asked for the continuance and August 24, 2010 when it was granted was excludable by statute even without the June 7th Order.

associated with preparing Mr. Russell's defense. That the Court's Order granting Mr. Russell's request may not have been as finely tailored or specifically characterized with minute detail[4] as Mr. Russell now would like does not mean the Court did not consider the factors set forth in the Speedy Trial Act to grant the "ends of justice" continuance he requested.

In this case the Court granted an open-ended continuance as requested on behalf of Mr. Russell and in accord with 18 U.S.C. §3161(h)(7)(A) so that counsel had additional, apparently needed time to prepare motions, review the Government's evidence and pursue the possibilities for plea negotiations. See e.g. United States v. Fields, 39 F.3d 439, 443 (3d Cir. 1994) ("[D]efendant's arguments are disturbing because he would have us order the dismissal of his indictment based on continuances that his own attorney sought . . . . [D]efendants cannot be wholly free to abuse the system by requesting . . . continuances and then argue that their conviction should be vacated because the continuances they acquiesced in were granted.")[5]

The Court understands that Mr. Russell claims now that he did not personally agree to the continuance request that his lawyer filed on his behalf. His express consent is not a prerequisite to an efficacious continuance under the statute which allows for continuance request "by any

---

[4]The Court notes that the form of order that was proposed by the defense along with the continuance motion was less specific and briefer than the Order the Court actually entered. The Court doubts that the defense really intends to argue for heightened mutual demands for detail and for such time-consuming tailoring of motions and orders in scheduling matters that may well delay the Court's consideration of often exigent defense continuance motions while holding witnesses, counsel and court staff hostage awaiting a decision as to whether an imminent trial or a hearing will go forward or not when the defense has asked directly that it not.

[5]The Third Circuit Court of Appeals has declined to find speedy trial violations in cases where the continuances were for longer than the one extended to Mr. Russell here. See, e.g., Lattany, 982 F.2d at 883 (1 year); Hakeem v. Beyer, 990 F.2d 750, 764 (3d Cir. 1993) (more than 14 months); United States v. Groff, 2006 WL 952226, at *3-4 (3d Cir. Apr. 13, 2006) (not precedential) (3 ½ years).

judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of . . . findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §3161(h)(7)(A).  Readiness for trial is a matter as to which the involved professionals' considered judgment is properly given expression within the confines of the Act.  Mr. Russell's lack of consent does not control the outcome of this Speedy Trial Act issue in this case.

      The Court is satisfied that Mr. Russell's speedy trial rights have not been disregarded, that his liberty has not been improperly impinged upon, and that his motion should be denied.

      An order consistent with the foregoing accompanies this Memorandum.

BY THE COURT:

  /s/ Gene E.K. Pratter  
GENE E.K. PRATTER  
United States District Judge